IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

SHELLY COLLINS,

    Plaintiff

v.                                                  C.A. No.: 1:20-cv-341

D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP,
DON E. GREEN, and,
VICKIE D. GREEN,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHELLY COLLINS, by and through her undersigned counsel, sues Defendants, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, DON E. GREEN, and VICKIE D. GREEN, and in support thereof states as follows:

## BACKGROUND FACTS

1. Plaintiff, SHELLY COLLINS, is an individual residing in Bastrop County, Texas.

2. In 2011, Plaintiff, SHELLY COLLINS, began working for Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, as a manager at the hourly rate of $10.00 per hour.

3. Plaintiff's duties included the regular and recurring use of the channels of interstate commerce, e.g., processing credit/debit cards, interstate telephone calls,

handling interstate mail, purchasing of goods and materials from outside the state of Texas, and other duties for Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP.

4. Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, sells new and antique merchandise. Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, markets its goods via social media.

5. Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

6. Plaintiff situated, handled goods and products that were made for, or moving in, interstate commerce, made and received interstate telephone calls, sent and received interstate facsimiles, used the Internet to communicate locations outside the state of Texas.

7. Defendants, DON E. GREEN, and VICKIE D. GREEN, are individuals, who at all times relevant to this matter, acted directly or indirectly in the interest of Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, in relationship to Plaintiff.

8. Defendants, DON E. GREEN, and VICKIE D. GREEN, are owners of Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP.

9. Defendants, DON E. GREEN, and VICKIE D. GREEN, had

knowledge of Plaintiff's work and accepted the benefits of Plaintiff's work.

10. At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

## UNPAID OVERTIME WAGES UNDER FLSA

11. This is an action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.

12. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

13. Venue is proper in this district under 28 U.S.C. § 1391.

14. Defendant, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, is a corporation formed and existing under the laws of the State of Texas and maintains offices in Bastrop County, Texas.

15. Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendants' business activities. Thus, throughout her employment, Plaintiff was individually covered under the FLSA.

16. At all times material to this complaint, Defendants, DON E. GREEN, and VICKIE D. GREEN, operated a business in Bastrop County, Texas, and Plaintiff's claims herein arose in Bastrop County, Texas.

17. At all times material hereto, Defendants, DON E. GREEN, and VICKIE D. GREEN, (1) possessed the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined the Plaintiff's rate and method of payment, (4) maintained Plaintiff's employment records; and, (5) possessed the decision making power to pay overtime owed to Plaintiff and other employees. Thus, Defendants, DON E. GREEN, and VICKIE D. GREEN, were each an "employer" as defined by 29 U.S.C. § 203(d).

18. Plaintiff worked for Defendants from 2011 until January 10, 2020, but was not paid one and one half-times Plaintiff's regular rate for all hours worked in excess of 40 during the workweek in accordance with the FLSA.

19. Defendants failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

20. Defendants have willfully failed to pay Plaintiff overtime wages. Defendants either knew, or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

21. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation.

22. As a result of Defendant's unlawful conduct, Plaintiff, SHELLY COLLINS, is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid, but should have been paid.

23. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, SHELLY COLLINS, demand Judgment, jointly and severally, against Defendants, D.E.G. ENTERPRISES, INC., D/B/A THE CARRIAGE STOP, DON E. GREEN, and VICKIE D. GREEN, for the following:

   a. Unpaid overtime wages found to be due and owing;

   b. An additional amount equal to the amount of unpaid overtime wages found to be due and owing as liquidated damages;

   c. Prejudgment interest in the event liquidated damages are not awarded;

   d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

   e. For any such other relief as the Court may find proper, whether at law or in equity.

## **JURY TRIAL DEMAND**

Plaintiff, SHELLY COLLINS, demands a jury trial on all issues so triable.

Respectfully submitted March 31, 2020.

        **ROSS • SCALISE LAW GROUP**

        _____
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        Attorney-in-Charge
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawgroup.com
        Attorneys for Plaintiff